Pratt, J.
It was abundantly proven that during the many months the plaintiff worked in defendant’s factory, notices were conspicuously posted that machinery was in no case to be cleaned while in motion. It was also shown that at proper times the machinery was stopped to allow the necessary cleaning to take place. These facts, taken in connection with the manifest intelligence of the plaintiff, make it entirely clear that she could not have been ignorant of the peril she incurred when she undertook to clean the machinery around the revolving wheels.
It may well be that proper care on the part of the defendants would have prompted that the wheels should be enclosed. Had the plaintiff, without fault, slipped and fallen upon the wheels, it may well be that the employers would be held guilty of negligence. But deliberately undertaking to clean machinery in motion, which she could have stopped .at will, is an act the negligence of which must have been apparent to her mind, and the legal consequence cannot be avoided.
There was no evidence that the irregular and furtive practice of other girls, to clean moving machinery, had the sanction of the employers.
We think the contributory negligence of the plaintiff requires the reversal of the judgment.